UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTINE L. ROBERTS,** ) | |
|         **Plaintiff** ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| ) | |
| **MERCANTILE ADJUSTMENT BUREAU, LLC.** ) | |
|         **Defendant** ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christine L. Roberts seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, G.L. c. 93A, as a result of Defendant's unlawful conduct in attempting to collect an alleged consumer debt.

### Parties

1. Plaintiff Christine L. Roberts is an individual who at all relevant times has resided in Tewksbury, Essex County, Massachusetts.

2. Defendant Mercantile Adjustment bureau, LLC. is a limited liability company organized under the laws of the State of New York.

### Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate Plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

5. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) because it is engaged in a business the primary purpose of which is the collection of debts obtained primarily for personal, household, or family purposes and because it regularly collects or attempts to collect such debts which are owed or asserted to be owed to another.

6. In or about October, 2012, an employee of Defendant called Plaintiff about a debt allegedly owed by her ex-husband to an entity called "Springleaf Financial."

7. In or about November, 2012, Defendant again called Plaintiff and demanded payment on the basis that Plaintiff had agreed in her divorce agreement to be responsible for the alleged debt. Plaintiff stated that she was not in a financial position which allowed her to pay anything.

8. In or about December, 2012, Defendant again called Plaintiff. Defendant's representative indicated that it would accept a total of $1,881.48 in satisfaction of the alleged debt, half to be paid by Plaintiff's ex-husband and half by Plaintiff. Plaintiff stated that she was not in a financial position to pay that sum and would need an affordable payment arrangement. Defendant's representative stated that in order to agree to a payment schedule Plaintiff would be required to pay at least $25.00. Plaintiff authorized Defendant to use her debit card to obtain payment of $25.00, but expressly instructed Defendant that this must be a one-time only charge and that she would have to be contacted by Defendant before authorizing any further payment or withdrawal. Defendant's representative agreed to Plaintiff's instructions.

9. Defendant sent Plaintiff a letter dated January 16, 2013, which materially misrepresented the terms of the payment arrangement which Plaintiff and Defendant had entered into.  The letter stated in pertinent part that in order to qualify for the reduced settlement amount Plaintiff must make six regular payments of $156.75 with the initial payment due January 31, 2013, and that Plaintiff's ex-husband must make similar payments.

10.  On or about February 4, 2013, Defendant caused Plaintiff's bank account to be debited in the amount of $156.75 even though Plaintiff had not authorized said debit and the parties had agreed no such withdrawal would be made without Plaintiff's express consent.   Plaintiff immediately called Defendant and was told that the withdrawal was an "accident."  Plaintiff also contacted her bank, and the withdrawal was eventually reversed.

11. Plaintiff received no correspondence from Defendant concerning the alleged debt other than the above-described January 16, 2013 letter regarding settlement.

## COUNT I

12.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13.  Defendant failed to send Plaintiff the written notice required by 15 U.S. C §1992g(a) within five days of its initial communication with Plaintiff.

    WHEREFORE, Plaintiff prays for an award of statutory damages, interest, costs, and attorney's fees.

## COUNT II

14.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

15. Defendant's letter of January 16, 2013 materially misrepresented the terms of the payment arrangement which Plaintiff and Defendant had agreed to over the phone, thus violating 15 U.S.C. §1692e(10).

16. As a results of Defendant's material misrepresentations, Plaintiff suffered severe emotional distress and mental anguish.

    WHEREFORE, Plaintiff prays for a judgment of actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT III

17. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

18. Defendant falsely represented to Plaintiff that it would not use her debit card to obtain any further monies unless Plaintiff specifically authorized such payment, thus violating 15 U.S.C. §1692e(10).

19. As a result of Defendant's unlawful conduct, Plaintiff suffered a loss of money and severe emotional distress and mental anguish.

    WHEREFORE, Plaintiff prays for an award of actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT IV

20. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

21. Defendant's conduct of debiting Plaintiff's bank account in direct contravention of the parties' agreement constituted an unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

22. As a result of Defendant's unlawful conduct, Plaintiff suffered a loss of money and severe emotional distress and mental anguish.

WHEREFORE, Plaintiff prays for an award of actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT V

23. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

24. At the time Defendant took the actions set forth in paragraphs 9 and 10, above, it was not licensed as s debt collector in the Commonwealth of Massachusetts. Therefore, each of said actions – including but not limited to writing to Plaintiff and calling Plaintiff – constituted threats to take action which could not legally be taken, in violation of 15 U.S.C. §1692e(5).

25. As a result of Defendant's unlawful conduct, Plaintiff suffered a loss of money and severe emotional distress and mental anguish.

WHEREFORE, Plaintiff prays for an award of actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT VI

26. The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27. At all relevant times Defendant was engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

28. Defendant's actions and omissions as set forth in paragraphs 9 – 11, above, were unfair and deceptive in violation of G.L. c. 93A, 2, because they: (i) violated the FDCPA as aforesaid; and (ii) violated applicable regulations promulgated by the Massachusetts Commissioner of Banks.

29. Defendant's violations of G.L. c. 93A were willful and/or knowing in nature.

30. As a result of Defendant's unlawful conduct, Plaintiff was injured within the meaning of G.L. c. 93A, §9, by incurring financial loss and severe emotional distress and mental anguish.

31. At no relevant time has Defendant had assets or maintained a place of business in the Commonwealth of Massachusetts; thus, the pre-suit demand requirement of G.L. c. 93A, §9(3) does not apply.

WHEREFORE, Plaintiff prays for an award of actual damages or statutory damages, whichever is greater; that the Court double or treble any actual damages awarded; and that she be awarded interest, costs, and attorney's fees.

**Plaintiff claims trial by jury.**

CHRISTINE L. ROBERTS
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com